Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4709
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

Maia C. Kats (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
6109 32nd Place, NW
Washington, DC 20015
Telephone: (202) 669-0658
*mkats@kaplanfox.com*

Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*
*snam@reesellp.com*

*Counsel for Plaintiffs and the Proposed Class*

Andrew M. Hutchison (SBN 289315)
**COZEN O'CONNOR**
101 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 644-0914
Facsimile: (415) 644-0978
*ahutchison@cozen.com*

F. Brenden Coller (admitted *pro hac vice*)
**COZEN O'CONNER**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Telephone (215)665-5518
Facsimile: (215) 701-2302
*Bcoller@cozen.com*

*Counsel for Defendant General Nutrition Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHA ARORA, RANDY CLINTON, and WALTER JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-02414-LB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:    Hon. Laurel Beeler<br>Ctrm:    B, 15th Floor<br>Date:    March 19, 2020<br>Time:    9:30 a.m. |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and this District's Standing Order regarding Contents of Joint Case Management Statement, Plaintiffs Richa Arora, Randy Clinton, and Walter Johnson (collectively, "Plaintiffs"), and Defendant General Nutrition Corporation ("Defendant" or "GNC") (collectively, the "Parties"), met and conferred on December 10, 2019 and hereby submit the following joint case management statement.

**1.     Jurisdiction and Service**

Defendant has been served in this proceeding. No remaining parties need to be served. GNC does not contest personal jurisdiction or venue.

**2.     Facts**

Plaintiffs' Statement

This is a proposed class action that seeks to recover for injuries suffered by Plaintiffs and all others similarly situated as a result of GNC's unlawful, deceptive, and misleading labeling, marketing, and sale of GNC proprietary brand dietary supplements ("GNC proprietary brand supplements" or "Supplements" or "Products").

Plaintiffs assert three types of claims. First, they assert "unlawful" claims because GNC marketed, labeled, and sold misbranded Supplements and unlawful drugs in violation of the Federal Food, Drug, and Cosmetic Act of 1938, 21 U.S.C. § 301, *et seq.* (the "FFDCA" or the "Act"), as amended by the Dietary Supplement Health and Education Act of 1994, Pub. L. No. 103–417, 108 Stat. 4325 ("DSHEA"), as well as the regulations implementing the FFDCA and DSHEA. These requirements are fully incorporated into California's Sherman Food, Drug, and Cosmetic Law, CAL. HEALTH & SAFETY CODE § 109875, *et seq.* ("Sherman Law"), and actionable pursuant to the unlawful prong of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq.* ("UCL").

Second, Plaintiffs assert "misleading and deceptive" marketing claims because GNC labeled, marketed, and sold the Supplements in a manner that is unfair, deceptive, and untrue in violation of California's UCL and New York's Consumer Protection from Deceptive Acts and Practices Law, N.Y. GEN. BUS. LAW § 349, *et seq.*

Third, Plaintiffs assert common law claims for unjust enrichment.

With respect to Plaintiffs' "unlawful" claims, GNC is prohibited from labeling, marketing, or selling dietary supplements bearing claims that "describe[] the role of a nutrient or dietary ingredient intended to affect the structure or function in humans, [or that] characterize[] the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function" (known as "structure/function claims"), unless the label carries a prominent disclaimer on each panel bearing such claims. *See* 21 U.S.C. §§ 321(g)(1), 331(d), 343(r)(1)(B), 343(r)(6), 355(a); 21 C.F.R. § 101.93(d) ("On product labels and in labeling (*e.g.*, pamphlets, catalogs), the disclaimer shall appear on each panel or page where there [is a structure/function claim].").

The disclaimer must be prominent and bolded, and it must read:

> These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

21 U.S.C. § 343(r)(6)(C); *see also* 21 C.F.R. § 101.93(b)-(e).

Because GNC Supplements do not bear the required disclaimers on all panels with structure/function claims, and/or the disclaimer lacks the prominence required, the Supplements are misbranded and unlawful. 21 U.S.C. § 343(r)(1)(B), (r)(6); 21 C.F.R. § 101.93(d).

GNC Supplements also qualify as "drugs" under the FFDCA since GNC markets them with structure/function claims but does not include the disclaimers. *See* 21 U.S.C. §§321(g)(1), 343(r)(6). In order to avoid being regulated as drugs under the FFDCA, dietary supplements bearing structure/function claims must comply with the disclaimer requirements. *Id.* Drugs require pre-market approval from the federal Food & Drug Administration ("FDA"). 21 U.S.C. §§ 331(d), 355(a). Upon information and belief, GNC lacks pre-market approval for its Supplements, rendering them not just misbranded but unapproved drugs. Misbranded dietary supplements and/or unapproved drugs are unlawful and cannot be sold legally. 21 U.S.C. §§ 331, 333. Under Section 110760 of the Sherman Law, they have no economic value and are worthless.

With respect to Plaintiffs' "deceptive and misleading" claims, GNC deceptively labels, markets, and sells the Supplements as having been subjected to the FDA's pre-market approval process; and/or intended to prevent, cure, or treat a disease or health-related condition linked to disease. GNC compounds its deception by coupling its omission of the disclaimer with misleading

1  phrases like "clinically studied," "scientifically designed," "physician formulated," or "physician
2  endorsed," and with medical symbols, and/or by referencing diseases and/or conditions equated
3  with disease in its marketing of the Supplements.

4      Defendant's Statement

5      Defendant denies all allegations asserted by Plaintiffs and denies all liability for the claims
6  raised. GNC states that the subject labeling contains appropriate "structure/function" claims.
7  Accordingly, Plaintiffs' claims are pre-empted by the Federal Food, Drug, and Cosmetic Act,
8  21 U.S.C. § 343-1. Additionally, GNC contends that Plaintiffs lack standing to pursue claims for
9  products they did not purchase and that they are unable to assert certain claims because they have
10 not alleged there is no adequate remedy at law. Moreover, GNC contends that many putative class
11 members—and perhaps some Plaintiffs—are members of the myGNC Rewards program which
12 contains class action waiver and arbitration provisions. To that end, and for additional reasons,
13 Plaintiffs' putative classes are not certifiable. Finally, GNC disputes that any reasonable
14 consumer would believe that the subject products were subject to FDA's pre-market approval
15 process and/or are marketed to cure, treat, mitigate, or prevent any disease. To that end, Plaintiffs
16 will be unable to prove that the subject labeling was false or misleading.

17  **3.    Legal Issues**

18      Defendant filed a motion to dismiss, which was denied in its entirety.

19      The next anticipated legal issue is whether the proposed classes are amenable to class
20 certification pursuant to Federal Civil Procedure Rule 23. Either before or in connection with the
21 opposition to the motion for class certification, Defendant may file a motion regarding putative
22 class members' membership in the myGNC Rewards program which contains arbitration and
23 class action waiver provisions. Defendant may further renew its motion to dismiss and/or file a
24 motion for judgment on the pleadings depending on the Ninth Circuit's decision in *Sonner v.*
25 *Premier Nutrition Corp.*

26  **4.    Motions**

27      Defendant filed a motion to dismiss the Complaint on July 19, 2019 (ECF No. 18).
28 Plaintiffs filed their opposition on September 19, 2019 (ECF No. 25). The Court denied the

motion to dismiss in its entirety on November 15, 2019 (ECF No. 39).

Defendant may file a motion for summary judgment in this matter and, as necessary, oppose any motion for class certification filed by Plaintiffs.

Plaintiff will file a motion for class certification and may file a motion for summary judgment with respect to the unlawful claim and otherwise.

Either before or in connection with the opposition to the motion for class certification, Defendant may file a motion regarding putative class members' membership in the myGNC Rewards program which contains arbitration and class action waiver provisions.

Defendant may further renew its motion to dismiss and/or file a motion for judgment on the pleadings depending on the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*

**5.   Amendment of Pleadings**

Pursuant to stipulation, Plaintiffs filed a First Amended Complaint on December 17, 2019 (ECF No. 44). The Parties do not believe that any additional amendment to the pleadings will be necessary, and so are unable to speculate as to appropriate deadlines for amending pleadings at this time. If the Parties believe further amendment is necessary, they will do so by stipulation or seek the Court's leave.

**6.   Evidence Preservation**

The Parties conducted a Rule 26 conference on December 10, 2019 and discussed steps to preserve evidence and certified that they have reviewed guidelines related to the discovery of electronically stored information. Each Party asserts that they are taking reasonable and proportionate steps to comply with its or their obligation to preserve evidence, including electronically stored information. Communications among the Parties on Electronically Stored Information ("ESI") are ongoing, and the Parties have agreed they will make efforts to work together cooperatively in the production of ESI.

**7.   Disclosures**

Pursuant to Rule 26, the Parties have agreed to exchange initial disclosures by February 28, 2020.

Plaintiffs' initial disclosures will include identification of persons with knowledge of Plaintiffs' experiences with the Products.

GNC's initial disclosures will include an identification of persons knowledgeable regarding its claims or defenses consistent with its obligations under Federal Rule of Civil Procedure 26.

**8.     Discovery**

The Parties have conferred regarding discovery pursuant to Rule 26(f). The Parties have not yet taken discovery. The Parties anticipate filing a Stipulated Protective Order that protects trade secrets and other equally sensitive commercial information. The Parties are conferring regarding the form of Order now and will submit an Order for the Court's consideration and entry. The Parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate for this case subject to Defendant's request that Plaintiffs be entitled to 25 Interrogatories collectively.

Plaintiffs' Statement

Plaintiffs will propound document requests, interrogatories, and requests for admission. Plaintiffs will also depose corporate representatives of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) as well as employees of Defendant individually. Plaintiffs will also depose any experts that Defendant will use in this matter.

The subjects of Plaintiffs' discovery may include, among other subjects, studies, communications, and drafts relating to the marketing and labeling of the Products, both internal and as produced by agents; Defendant's business strategy for the Products in isolation and vis-à-vis competitor dietary supplements and related documents; studies of and/or communications regarding competitor dietary supplements marketing, sales, and more; timeframes for various Product label approaches and versions and documents relating in any way to the omission of disclaimers; Defendant's pricing of and sales records for the Products; and Defendant's communications, or records relating thereto, with manufacturers and suppliers of Product, and vendors and manufacturers and suppliers of non-proprietary dietary supplements, to it, relating to the marketing and labeling and sales of such supplements.

Defendant's Statement

Defendant anticipates propounding on Plaintiffs interrogatories, document requests, and requests for admissions. Defendant anticipates deposing Plaintiffs and other witnesses listed in Plaintiffs' initial disclosures. Defendant also anticipates deposing any experts that Plaintiffs intend to present.

The subjects of Defendant's discovery may include, but are not limited to, Plaintiffs' alleged purchase(s) of the subject products, Plaintiffs' experience with the subject products, Plaintiffs' purchase history of dietary supplements, Plaintiffs' use of dietary supplements, any agreements entered into by and between Plaintiffs and GNC, and Plaintiffs' alleged damages.

### 9. Class Action

The Parties propose that Plaintiffs file their motion for class certification no later than December 21, 2020. The Parties further propose a briefing schedule where Defendant will file its opposition by January 25, 2021, and Plaintiffs will file their reply by February 22, 2021.

### 10. Related Cases

Plaintiffs and Defendant are unaware of any related cases pending in any jurisdiction.

### 11. Relief

Plaintiffs' Statement

Plaintiffs seek both monetary and injunctive relief.

Defendant's Statement

Defendant denies that Plaintiffs have been harmed or damaged by Defendant in any manner and deny that Plaintiffs are entitled to any relief whatsoever. Defendant seeks denial of Plaintiffs' pursuit of class certification and dismissal of the action.

### 12. Settlement and ADR

The Parties have discussed settlement and ADR and do not agree on whether substantive discussions regarding settlement are appropriate at this time. Therefore, they intend to revisit the issue after the Parties have conducted some discovery on class certification issues, and at such time that the Parties agree that mediation is appropriate. The Parties have agreed, pursuant to ADR L-R 3.5 that their preferred method of ADR is use of a private mediator. The Parties will

file an ADR certification on February 28, 2020 reflecting their agreement to use a private mediator as their preferred ADR method.

**13.   Consent to a Magistrate Judge for All Purposes**

The Parties have consented to a Magistrate Judge for all purposes.

**14.   Other References**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of the Issues**

The Parties do not believe that any issues can be narrowed by stipulation or agreement.

**16.   Expedited Trial Procedure**

The Parties do not believe that the case can be handled under an expedited trial procedure.

**17.   Scheduling**

The Parties propose the following schedule:

| Event | Date |
| --- | --- |
| Deadline to amend pleadings: | December 20, 2019 |
| Factual discovery cut-off: | To be determined after the Court's decision on the motion for class certification. |
| Class Certification Expert(s) Disclosures: | October 16, 2020 |
| Rebuttal Class Certification Expert(s) Disclosures: | November 20, 2020 |
| Non-Class Merits Experts Discovery: | To be determined after the Court's decision on the motion for class certification |
| Plaintiffs' motion for class certification: | December 21, 2020 |
| Defendant's opposition to motion for class certification: | January 25, 2021 |
| Plaintiffs' reply in support of motion for class certification: | February 22, 2021 |
| Deadline for dispositive motions: | To be determined after the Court's decision on the motion for class certification |
| Joint pretrial order: | To be determined after the Court's decision on the motion for class certification |
| Final pretrial conference: | To be determined after the Court's decision on the motion for class certification |
| Trial: | TBD |

///

///

**18.     Trial**

Plaintiffs have demanded a jury trial on all matters so triable. The Parties anticipate that a trial will take approximately five to seven days.

**19.     Disclosure of Non-party Interested Entities**

The Parties will file Certifications of Interested Entities or Persons by February 28, 2020. As required by the General Order, the Parties state their disclosure statements and certificate of interested entities as follows:

<u>Plaintiffs:</u> Plaintiffs Richa Arora, Randy Clinton, and Walter Johnston; and Defendant General Nutrition Corporation.

<u>Defendant:</u>  GNC states that it is a subsidiary of General Nutrition Centers, Inc.  General Nutrition Centers, Inc. is wholly-owned by GNC Holdings, Inc., a publicly traded entity.

**20.     Whether All Attorneys of Record for the Parties have Reviewed the Guidelines or Professional Conduct for the Northern District of California**

Yes.

**21.     Other**

The Parties do not anticipate any other matters at this time.

Dated: February 24, 2020          **REESE LLP**

By:   /s/ *Michael R. Reese*
         Michael R. Reese

Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone:  (212) 643-0500
Facsimile:   (212) 253-4272
*mreese@reesellp.com*
*snam@reesellp.com*

| | |
|---|---|
| 1 | **KAPLAN FOX & KILSHEIMER LLP** |
| | Laurence D. King (SBN 206423) |
| 2 | Mario M. Choi (SBN 243409) |
| | 1999 Harrison Street, Suite 1560 |
| 3 | Oakland, CA  94612 |
| | San Francisco, CA 94104 |
| 4 | Telephone: (415) 772-4700 |
| | Facsimile:  (415) 772-4709 |
| 5 | *lking@kaplanfox.com* |
| | *mchoi@kaplanfox.com* |

**KAPLAN FOX & KILSHEIMER LLP**
Maia C. Kats (admitted *pro hac vice*)
6109 32nd Place, NW
Washington, DC 20015
Telephone: (202) 669-0658
*mkats@kaplanfox.com*

*Counsel for Plaintiffs and the Proposed Class*

DATED:  February 24, 2020                **COZEN O'CONNER**

By: /s/ *F. Brendon Coller*
        F. Brendon Coller

One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Telephone (215)665-5518
Facsimile: (215) 701-2302
*Bcoller@cozen.com*

**COZEN O'CONNOR**
Andrew M. Hutchison (SBN 289315)
101 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone:  (415) 644-0914
Facsimile:   (415) 644-0978
*ahutchison@cozen.com*

*Counsel for Defendant General Nutrition Corp.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mario M. Choi, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of February 2020, at Oakland, California.

*/s/ Mario M. Choi*
Mario M. Choi